# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| TASHIRO RUDY TILLMAN, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | Case No. 14-CV-0150-CVE-FHM |
| SHARON NEUMANN, | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court is Respondent's motion to dismiss the petition (Dkt. # 9). Petitioner, a state inmate appearing pro se, filed a response (Dkt. # 11) to the motion to dismiss. Respondent's motion to dismiss is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, the Court finds that the petition is timely filed and Respondent's motion to dismiss shall be denied.

## *BACKGROUND*

Petitioner Tashiro Rudy Tillman was convicted by a jury of Unlawful Possession of a Controlled Drug, After Former Conviction of Two Felonies (Count 1), and Obstructing an Officer (Count 2), in Tulsa County District Court, Case No. CF-2005-3654. On January 17, 2006, see Dkt. # 1 at 4, the trial judge sentenced Petitioner, in accordance with the jury's recommendation, to twenty (20) years imprisonment on Count 1 and three (3) months imprisonment on Count 2, and ordered the sentences to be served concurrently. Petitioner was represented at trial by attorney Steven Vincent. See Dkt. # 10-1 at 2.

Petitioner appealed to the Oklahoma Court of Criminal Appeals (OCCA). He raised five (5) claims. In its response to Petitioner's application for post-conviction relief, the State summarized Petitioner's direct appeal claims,[1] as follows:

1. Whether the trial court erred in admitting evidence of other crimes;

2. Whether trial counsel provided ineffective assistance of counsel;

3. Whether Tillman's sentence on Count 1 is excessive;

4. Whether the accumulation of error in this case denied Tillman of a fair trial; and

5. Whether the Oklahoma Court of Criminal Appeals should remand this matter for an order nunc pro tunc to correct the Judgment and Sentence in this case.

(Dkt. # 10-2 at 1-2). Respondent avers that the OCCA affirmed the Judgment and Sentence of the state district court on June 29, 2007. See Dkt. # 10 at 2. Nothing in the record suggests that Petitioner filed a petition for writ of certiorari at the United States Supreme Court.

On June 25, 2010, Petitioner filed an application for post-conviction relief (Dkt. # 10-1). The state district judge appointed an attorney from the public defender's office, Curtis Allen, to represent Petitioner in his post-conviction proceeding. See Dkt. # 10-3. On March 7, 2012, Mr. Allen filed a supplement to the application for post-conviction relief. Id. The district judge denied the requested relief on April 10, 2012. (Dkt. # 10-5). Petitioner then appealed to the OCCA. The OCCA ordered the district court to file a response to the issues raised on post-conviction appeal. On November 13, 2012, the trial court judge filed a response brief as ordered by the OCCA. (Dkt. # 10-6). By order filed February 14, 2014, in Case No. PC-2012-412 (Dkt. # 10-7), the OCCA affirmed the district court's denial of post-conviction relief.

---

[1]Respondent did not provide the records from Petitioner's direct appeal.

On March 27, 2013, in N.D. Okla. Case No. 13-CV-183-JED-TLW, Petitioner filed his first federal petition for writ of habeas corpus challenging his convictions entered in Tulsa County District Court, Case No. CF-2005-3654. Because Petitioner's post-conviction appeal remained pending, that action was dismissed without prejudice for failure to exhaust state remedies on February 4, 2014.

On March 31, 2014, Petitioner filed the petition for writ of habeas corpus in this case (Dkt. # 1). In his petition, Petitioner raises two (2) claims, as follows:

Ground One: The State of Oklahoma failed to disclose evidence favorable to the Petitioner in violation of Brady v. Maryland, [373 U.S. 83 (1963)], under the Fifth and Fourteenth Amendments to the United States Constitution.

Ground Two: Newly discovered evidence establishes that the petitioner is entitled to the vacation of his conviction.

Id. Specifically, Petitioner claims that Tulsa police officers Jeff Henderson, Larry Edwards, Bill Yelton, and Bruce Bonham "manufactured a story, falsified the police reports, and intentionally testified falsely against the petitioner under oath at the preliminary hearing and jury trial." Id. at 8-9. Petitioner states that "he 'never' was in possession of the cocaine in question and believes it was planted." Id. at 9. In 2010, Officers Henderson, Yelton, and Bonham were indicted and tried on corruption charges in this district. See N.D. Okla. Case Nos. 10-CR-116-BDB, 10-CR-117-BDB. Respondent argues that consideration of this habeas corpus petition is precluded by the one-year statute of limitations provided at 28 U.S.C. § 2244(d). See Dkt. ## 9, 10.

*ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondent asserts that, under § 2244(d)(1)(A), Petitioner's convictions became final on September 27, 2007, after the OCCA concluded direct review on June 29, 2007, and the 90 day time period for filing a petition for writ of certiorari in the United States Supreme Court had lapsed. See Dkt. # 10 at 2. According to Respondent, Petitioner's deadline for filing a timely habeas petition was one year later, or on September 27, 2008. Id. Respondent also asserts that because Petitioner's post-conviction application was filed June 25, 2010, after expiration of the one-year limitations period, Petitioner cannot benefit from the tolling provision of § 2244(d)(2). Id. Lastly, Respondent argues that Petitioner is not entitled to equitable tolling. Id. at 3-7. Therefore, Respondent urges that this petition, filed March 31, 2014, is untimely and must be dismissed.

However, while Petitioner's petition would be untimely under 28 U.S.C. § 2244(d)(1)(A), the Court finds that § 2244(d)(1)(D) applies in this case. Under that subsection, the one year period began to run from "the date on which the factual predicate of the claim or claims presented could

4

have been discovered through the exercise of due diligence." § 2244(d)(1)(D). Petitioner could not have known of the police misconduct in cases other than his until news of the Tulsa police corruption scandal became public in May 2010. Those facts provide the factual predicate of Petitioner's habeas claims based on Brady. As a result, May 2010 is when his one year limitations period began to run. Petitioner promptly filed his application for post-conviction relief on June 25, 2010. That action remained pending until the OCCA affirmed the district court's denial of post-conviction relief on February 14, 2014. Petitioner then promptly filed his habeas corpus petition in this case on March 31, 2014. Because the one year limitations period was tolled from June 25, 2010, through February 14, 2014, see 28 U.S.C. § 2244(d)(2), the petition filed in this case is timely under § 2244(d)(1)(D). Respondent's motion to dismiss this petition as time-barred shall be denied. Respondent shall be directed to respond to the allegations in the petition.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss petition for writ of habeas corpus as barred by the statute of limitations (Dkt. # 9) is **denied**.

2. Respondent shall show cause why the writ should not issue and file a response or otherwise plead to the petition for writ of habeas corpus within thirty (30) days of the entry of this Order. <u>Extensions of time will be granted for good cause only</u>.

3. Petitioner may file a reply brief within thirty (30) days after the filing of Respondent's response.

**DATED** this 3rd day of November, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE